IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS A. PROSPERI and ) | |
| SUSAN I. PROSPERI, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs ) | Civil Action No. 06-501 |
| ) | |
| TOWNSHIP OF SCOTT, BOARD OF ) | |
| COMMISSIONERS OF TOWNSHIP OF ) | |
| SCOTT, DAVID JASON, individually and ) | |
| in his capacity as Vice President and ) | |
| Commissioner of the Township of Scott, ) | |
| JANET A. BEERHALTER, individually and ) | |
| in her capacity as Commissioner of the ) | |
| Township of Scott, THOMAS M. CASTELLO,) | |
| individually and in his capacity as ) | |
| Commissioner of the Township of Scott, ) | |
| J. DAVID HENDERSON, individually and ) | |
| in his capacity as Commissioner of the ) | |
| Township of Scott, EILEEN MEYERS, ) | |
| individually and in her capacity as ) | |
| Commissioner of the Township of Scott, ) | |
| JAMES WALTHER, individually and in his ) | |
| capacity as Commissioner of the Township of ) | |
| Scott, JEAN O'TOOLE, individually and in ) | |
| her capacity as Commissioner of the Township ) | |
| of Scott, CRAIG C. STEPHENS, individually ) | |
| and in his capacity as President and ) | |
| Commissioner of the Township of Scott, and ) | |
| LENNON, SMITH, SOULERET ) | |
| ENGINEERING, INC., individually and in its ) | |
| capacity as engineer of the Township of Scott, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

I. <u>Recommendation</u>:

    It is respectfully recommended that the motion to dismiss filed by defendants

Scott Township, its Board of Commissioners, and the individually named Commissioners

(Document No. 20) be granted as to the plaintiffs' procedural due process claim in Count I of the complaint and as to the plaintiffs' prayer for punitive damages against Scott Township, its Board of Commissioners and the Commissioners named in their official capacities and denied in all other respects, that their alternate motion for a more definite statement (w/Document No. 20) be denied, that the motion to dismiss submitted by defendant Lennon, Smith, Souleret Engineering, Inc. (Document No. 6) be granted as to the plaintiffs' procedural due process claim in Count I of the complaint and as to the prayer for punitive damages against it in its official capacity and denied in all other respects, and that its alternate motion for a more definite statement (w/Document No. 6) be denied.

II. Report:

      Presently before the Court are motions to dismiss the complaint for failure to state a viable claim or, in the alternative, for a more definite statement submitted by the defendants.

      The plaintiffs, Louis A. Prosperi and Susan I. Prosperi, have filed a civil rights complaint against the Township of Scott ("Scott Township"), its Board of Commissioners, several individually named Commissioners (collectively, the "Scott Township defendants"), and Lennon, Smith, Souleret Engineering, Inc. (the "Engineer defendant"). In the complaint, the plaintiffs assert claims against the defendants for violating their due process rights (Count I), their equal protection rights (Count II), and for engaging in an unconstitutional taking of their property (Count III) in violation of 42 U.S.C. § 1983.

      It is alleged in the complaint that the plaintiffs own two parcels of property, one known as "Lot No. 1" in Scott Township, PA, and the other known as "Lot No. 2" in Carnegie, PA; that commencing in June 2003, the plaintiffs built a single family dwelling on Lot No. 2

which was permitted by Carnegie Borough; that Lot No. 1 is a strip of land that offers the only practical means of access to Lot No. 2 as a driveway entrance, which was permitted by Scott Township; and that both Lot No. 1 and Lot No. 2 were used by the plaintiffs for permitted residential purposes pursuant to zoning ordinances of Carnegie Borough and Scott Township.

The plaintiffs aver that in February 2004, their neighbors in Scott Township, Brad and Gaye Cost (the "Costs"), alleged flooding on their property due to the plaintiffs' construction on Lot No. 2; that in May 2004, the Costs informed the plaintiffs that their property continued to be flooded by plaintiffs' construction, and Scott Township involved itself in the dispute at the Costs' behest; that Scott Township showed little interest in the plaintiffs' explanation for the source of the Costs' flooding and pledged its support to the Costs; and that in June 2004, at Scott Township's urging, the Costs filed a complaint against the plaintiffs in the Court of Common Pleas of Allegheny County, PA.

The plaintiffs contend that from May to September 2004, the Scott Township Commissioners conspired with the Costs, the Engineer defendant, and Carnegie Borough to keep the plaintiffs from obtaining an occupancy permit for their then-completed residence on Lot No. 2; that as a result, the plaintiffs were forced to file a Mandamus action against Carnegie Borough to obtain an occupancy permit for their residence; that Scott Township and the Costs sought to intervene in the Mandamus action, so as to prevent the plaintiffs from obtaining an occupancy permit needed to occupy their residence, but their attempts to intervene were denied; that in September 2004, Carnegie Borough issued an occupancy permit for the plaintiffs' new residence on Lot No. 2, and it agreed to pay damages to the plaintiffs to settle the Mandamus action; and that on October 4, 2004, the plaintiffs moved into their new residence.

Scott Township is said to have continued to conspire with the Costs and the Engineer defendant to keep the plaintiffs from their residence by sending the police to block the paving of their driveway on Lot No. 1, which allegedly made access to the plaintiff's residence on Lot No. 2 a hardship and a virtual impossibility during winter months. As a result, the plaintiffs aver that they were forced to file a Mandamus Action against Scott Township in the Court of Common Pleas of Allegheny County to obtain a permit to pave their driveway. On October 22, 2004, following a hearing on the matter, the Court of Common Pleas ordered that the driveway permit be issued immediately.

The plaintiffs complain that by virtue of the defendants' arbitrary and abusive acts concerning zoning and permitting laws, they were denied the use and enjoyment of their property without just compensation, and were denied due process and equal protection of the law. According to the plaintiffs, during the time period when Scott Township, the Costs, the Engineer defendant and Carnegie Borough sought to prevent them from occupying their new residence on Lot No. 2, they were unable to accept an offer of $165,000 for their former residence. The plaintiffs also insist that due to the actions of Scott Township in blocking the paving of their driveway, they lost the ability to landscape their property with a grass covering, which resulted in complaints and notices filed against them by the PA. Department of Environmental Protection. The plaintiffs seek economic damages resulting from defendants' alleged misconduct, as well as punitive damages, and they invoke the Court's federal question and supplemental jurisdiction.

As discussed above, the plaintiffs assert claims against the defendants for violating their due process rights (Count I), equal protection rights (Count II), and for engaging in an unconstitutional taking of their property (Count III) in violation of 42 U.S.C. § 1983. The

defendants have moved to dismiss the complaint, arguing that the plaintiffs have failed to set forth viable claims against them.

In reviewing a motion to dismiss, all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Estelle v. Gamble, 429 U.S. 97 (1976); Shaev v. Saper, 320 F.3d 373, 375 (3d Cir. 2003). We are mindful, however, that the Court need not accept as true unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000).

Scott Township defendants' motion to dismiss or for a more definite statement:

The Scott Township defendants have moved to dismiss Count I of the complaint, arguing that the plaintiffs have failed to set forth a cognizable procedural or substantive due process claim. We agree that the plaintiffs' procedural due process claim lacks merit.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." The Due Process Clause affords both procedural and substantive safeguards, Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 846-47 (1992); and the plaintiffs complain that the defendants deprived them of both components of due process in their property.

To establish a violation of procedural due process, the plaintiffs must prove that a person acting under color of state law deprived them of a protected property interest, and that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process. Parratt v. Taylor, 451 U.S. 527, 536-37 (1981). The plaintiffs adequately allege that the defendants are persons acting under color of state law (complaint at ¶¶ 62-63), who

5

deprived them of their constitutionally protected property interest in accessing and enjoying their property (complaint at ¶¶ 64-67). However, their pleadings fail to show they were denied procedural due process under the state's procedure for challenging land-use decisions.

Under well settled case law of this Circuit, when a state "affords a full judicial mechanism with which to challenge the administrative decision" at issue, it provides adequate procedural due process, irrespective of whether plaintiffs avail themselves of the provided appeal process. DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995), cert. denied, 516 U.S. 937 (1995), *overruled on other grounds*, United Artists Theatre Circuit v. Township of Warrington, 316 F.3d 392 (2003)[1]; Midnight Sessions, Ltd. v. City of Phila., 945 F.2d 667, 680 (3d Cir. 1991), *overruled on other grounds*, United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir. 2003); Long v. Borough of Ringwood, 61 F.Supp.2d 273, 279 (D.N.J. 1998), aff'd., 213 F.3d 628 (3d Cir. 2000). Indeed, "[i]t is the law of this Circuit that a state provides adequate due process when it provides reasonable remedies to rectify a legal error by a local administrative body." Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988), cert. denied, 488 U.S. 851 (1988), *overruled on other grounds,* United Artists Theatre Circuit v. Township of Warrington, 316 F.3d 392 (3d Cir. 2003).

In Bello, supra, the plaintiffs applied to a municipality for building permits to construct certain housing units, and the municipality's Code Enforcement Officer denied their

---

1. As discussed more fully below, in United Artists Theatre Circuit, supra, the Third Circuit Court of Appeals changed the standard for establishing a substantive due process claim, adopting a "shocks the conscience" test, rather than the formerly used "improper motive" test. 316 F.3d at 399-401. However, with respect to claims implicating procedural due process, the cases we cite which predate United Artists Theatre Circuit remain good law. See, Highway Materials, Inc. v. Whitemarsh Township, 2004 WL 2220974, * 9, n.11 (E.D.Pa., Oct. 4, 2004).

application. The plaintiffs then instituted a mandamus action in the Court of Common Pleas of Allegheny County, seeking issuance of the building permits and damages, after which, following a hearing on the matter, the court ordered the municipality to issue the building permits. Thereafter, the plaintiffs commenced a § 1983 civil rights action, alleging that certain municipal officials improperly influenced the decision to deny them building permits in violation of their due process and equal protection rights. When the district court granted the defendants' motion for summary judgment, the plaintiffs appealed to the Third Circuit Court of Appeals. 840 F.2d at 1126-27. In ruling on the plaintiffs' claim that they were denied procedural due process by virtue of the municipality's delay in issuing them building permits, the Bello Court opined:

> Pennsylvania affords a full judicial mechanism with which to challenge the administrative decision to deny an application for a building permit. Indeed, the plaintiffs utilized that mechanism and obtained a building permit [when they filed their action in mandamus]. While the Pennsylvania courts have ruled that the initial decision to deny the permit was wrong, the plaintiffs have not and cannot show that the decision was made pursuant to a constitutionally defective procedure.

Id. at 1128.

In Midnight Sessions, our Court of Appeals explained: "[t]he availability of a full judicial mechanism to challenge the administrative decision to deny an application, even an application that was wrongly decided, preclude[s] a determination that the decision was made pursuant to a constitutionally defective procedure." 945 F.2d at 681. In this case, the plaintiffs utilized the state's judicial mechanism for challenging the decisions of Scott Township and Carnegie Borough, and they prevailed in obtaining the permits they sought. Having been afforded reasonable remedies by the state to rectify the acts of the municipalities, the plaintiffs

were provided adequate procedural due process.[2]

With respect to the plaintiffs' substantive due process claim, it appears they have stated a viable claim. In <u>United Artists Theatre Circuit</u>, our Court of Appeals held that alleged violations of substantive due process should be analyzed under a "shocks the conscience" standard, rather than the "improper motive" test formerly utilized in <u>Bello</u>, <u>supra</u>, and its progeny. 316 F.3d at 400-01. Under the "shocks the conscience" standard, "only the most egregious official conduct" will constitute a violation of substantive due process. <u>Id.</u> at 400, citing <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998).

In a land-use controversy, official conduct will not be deemed to "shock the conscience" absent allegations of corruption or self-dealing, bias against an ethnic group, interference with constitutionally-protected activity or a virtual "taking" of property. <u>Eichenlaub v. Township of Indiana</u>, 385 F.3d 274, 285-86 (3d Cir. 2004). Thus, in <u>Eichenlaub</u>, the Court held that allegations that municipal officials applied subdivision requirements to appellants' property that were not applied to other parcels, pursued unannounced and unnecessary inspection and enforcement actions against them, delayed certain permits and approvals, and maligned and muzzled them insufficient to "shock the conscience", as such complaints are "the kind of disagreement that is frequent in planning disputes." <u>Id.</u> at 286.

---

2. The plaintiffs insist they were entitled to pre-deprivation process in this matter. However, in land-use cases as here, municipal officials "may deny a license application without a hearing so long as prompt administrative or judicial review of the action is available thereafter". <u>Maple Properties, Inc. v. Township of Upper Providence</u>, 151 Fed.Appx. 174, 177-78 (3d Cir. 2005), citing <u>Rogin v. Bensalem Twp.</u>, 616 F.2d 680, 695 (3d Cir. 1980). Also see, <u>Bello</u>, <u>supra</u>, where the Court noted that a "determination whether to issue a building permit is an administrative decision", and "[such a] case does not involve a pre-deprivation denial of property". 840 F.2d at 1128. Here, the defendants' decision to withhold land-use permits from the plaintiffs was an administrative decision which the plaintiffs were able to challenge in their mandamus actions.

Clearly, the Due Process Clause "does not target government actions that are merely taken for an 'improper purpose' or in 'bad faith'". Johnston v. Dauphin Borough, 2006 WL 1410766, *6 (M.D.Pa., May 22, 2006), citing United Artists Theatre Circuit, 316 F.3d at 400-02. "Rather, it constrains only those activities that have *no reasonable relation* to legitimate government objectives." Johnston, 2006 WL 1410766 at *6 (emphasis in original), citing Corneal v. Jackson Twp., 313 F.Supp.2d 457, 465-66 (M.D.Pa. 2003), aff'd., 94 Fed.Appx. 76 (3d Cir. 2004). "As long as a valid purpose plausibly underlies the decision, a substantive due process claim will not lie." Id.

Here, the plaintiffs allege that the defendants conspired to deprive them access to their property, which resulted in a temporary taking of it, and sought to force them to capitulate to the Costs' demands for restitution without any rational governmental purpose for their acts.[3] The plaintiffs insist that by virtue of the defendants' arbitrary and abusive acts, they lost the use and enjoyment of their property.[4] Certainly, the use and enjoyment of property are interests protected by the substantive component of the Due Process Clause. DeBlasio, 53 F.3d at 600-01; Spradlin v. Borough of Danville, 2005 WL 3320788, * 8 (M.D.Pa., Dec. 7, 2005). This Court has held that where plaintiffs claim a course of conduct undertaken by defendants with the intent to harm and restrict their ability to utilize their property, as alleged here, it suffices to state a claim under the "shocks the conscience" standard. Nicolette v. Caruso, 315 F.Supp.2d 710, 723 (W.D.Pa. 2003). Thus, while the plaintiffs' procedural due process claim in Count I should be dismissed, their substantive due process claim should survive the defendants' motions to dismiss.

---

3. See, complaint at ¶¶ 25-30, 34-38, 40-48, 53-54.

4. Id. at ¶¶ 54, 59.

In Count II, the defendants are said to have violated the plaintiffs' equal protection rights by singling them out for disparate treatment without any legitimate governmental purpose. The United States Supreme Court has explained:

> The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike.

City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

To state a viable equal protection claim based on purported selective treatment, the plaintiffs must allege: (1) they were selectively treated compared with others similarly situated, and (2) the selective treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, or by a malicious or bad faith intent to injure, or to inhibit the exercise of constitutional rights. Nuway Environmental Limited v. Upper Darby Twp., 2006 WL 212289, *6 (E.D.Pa., Jan. 23, 2006). In cases where plaintiffs fail to allege membership in a protected class, as here, they may state a cognizable equal protection claim by asserting they have been "intentionally treated differently from others similarly situated, and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). This the plaintiffs have done.

Specifically, the plaintiffs allege:

> [O]n or around September 29, 2004, [they] and their builder received a letter from the Scott [Township] C[ode] E[nforcement] Officer demanding that a permit be obtained for a paved driveway on Lot No. 1 and that if pavement proceeded without it, Scott Township would send the police. Other driveways in Scott Township have been installed and paved without the issuance of any permit. To [plaintiffs']

>knowledge, Scott Township did not send the police to these homes (complaint at ¶ 41).

The plaintiffs contend that after receiving the Code Enforcement Officer's September 2004 letter, they provided all information required by Scott Township's ordinances for a driveway permit, yet issuance of the permit was consistently denied (complaint at ¶ 44); that on October 19, 2004, plaintiffs' paving company came to their property to pave the driveway entrance, but Scott Township sent the police, who stopped the paving of Lot No. 1 (complaint at ¶ 45); that Scott Township's actions were arbitrary abusive uses of power which were done purposefully to deny plaintiffs the use and enjoyment of their property (complaint at ¶¶ 46 and 59); and that Scott Township treated them differently from other home owners who had their driveways paved (complaint at ¶ 41). These allegations set forth a cognizable equal protection claim.

In Count III, the plaintiffs allege the defendants are liable for an unlawful taking of their property, as they conspired to prevent plaintiffs from occupying their home and from paving their driveway, which deprived them of the use and enjoyment of their property (complaint at ¶¶ 73-75). This claim should survive the defendants' motion to dismiss.

The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." The United States Supreme Court has explained that this provision "is designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, CA, 482 U.S. 304, 315 (1987) (italics in original). "Thus, government

action that works a taking of property rights necessarily implicates the constitutional obligation to pay just compensation." Id. (citation omitted).

A Fifth Amendment taking can occur "where government requires an owner to suffer a permanent physical invasion of [their] property", or through "regulations that completely deprive an owner of *all* economically beneficial use of [their] property." Lingle v. Chevron, USA, Inc., 544 U.S. 528, 538 (2005) (italics in original) (citations omitted). "Temporary takings", as alleged here, which "deny a landowner all use of his property, are not different in kind from permanent takings, for which the Constitution clearly requires compensation." First English, supra, 482 U.S. at 318.

In cases where the alleged taking arises from a governmental permit requirement, as here, the United States Supreme Court has stated:

> A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself 'take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired. Moreover, even if the permit is denied, there may be other viable uses available to the owner. <u>Only when a permit is denied and the effect of the denial is to prevent 'economically viable' use of the land in question can it be said that a taking has occurred.</u>

United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 127 (1985) (emphasis added).

In a similar vein, the Third Circuit Court of Appeals has stated: "[a] taking is *not* established simply upon a showing of the denial of the ability to exploit a property interest that the plaintiffs heretofore had believed was available." Midnight Sessions, 945 F.2d at 676 (italics in original). Rather, "municipal action can be considered a taking only if those actions

deprive an owner of all economically viable uses of their property." King v. Twp. of East Lampeter, 17 F.Supp.2d 394, 422 (E.D.Pa. 1998) (emphasis added), aff'd., 182 F.3d 903 (3d Cir. 1999), citing Schad v. Borough of Mt. Ephraim, 452 U.S. 61, 68 (1981).  Accord, Midnight Sessions, 945 F.2d at 677.

Here, the plaintiffs allege that Lot No. 1 and Lot No. 2 were used for permitted residential purposes pursuant to municipal zoning ordinances (complaint at ¶¶ 17-19); that from May to September 2004, the defendants conspired to deprive plaintiffs from obtaining an occupancy permit for their then completed residence on Lot No. 2 (complaint at ¶ 27), and on July 6, 2004, the plaintiffs' request for an occupancy permit was denied (complaint at ¶ 34); that Scott Township also denied plaintiffs' attempts to pave their driveway on Lot No. 1, which made access to their residence a hardship (complaint at ¶¶ 40-45); that the plaintiffs were forced to file state court mandamus actions to obtain both an occupancy permit for their residence and the permit needed to pave their driveway (complaint at ¶¶ 35, 38, 47); and that after receiving the occupancy permit, the plaintiffs moved into their new residence on October 4, 2004 (complaint at ¶ 38).  Significantly, the plaintiffs allege that they exhausted all available state remedies for purposes of their Fifth Amendment takings claim (complaint at ¶ 76).[5]

Thus, to the extent the plaintiffs were temporarily denied occupancy and access to their property by the defendants' acts, such that they were deprived of all economically viable use

---

5. A Fifth Amendment takings claim against a municipality's enforcement of a zoning ordinance is not ripe if a State provides an adequate procedure for seeking just compensation, and the property owner has not utilized such procedure and been denied just compensation. Williamson Co. Regional Planning v. Hamilton Bank, 473 U.S. 172, 194-95 (1985).  Accepting as true the plaintiffs' allegation that they exhausted all state remedies for purposes of their Fifth Amendment takings claim, we assume their claim is ripe.

of it, the defendants may be liable for an unconstitutional taking. Hence, Count III of the complaint should not be dismissed.

As to the plaintiffs' request for punitive damages against the Scott Township defendants, the plaintiffs concede their request for such damages from Scott Township, its Board of Commissioners, and the Commissioners acting in their official capacities should be dismissed.[6] Indeed, the Supreme Court has held that punitive damages are not recoverable against a municipality in a § 1983 suit. City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). However, the Commissioners in their individual capacities may be liable for punitive damages by virtue of the plaintiffs' § 1983 claims, if their conduct is shown to be motivated by evil motive or intent, or if it involves a reckless or callous indifference to the federally protected rights of others. See, Smith v. Wade, 461 U.S. 30, 56 (1983); Feldman v. Philadelphia Housing Authority, 43 F.3d 823, 833 (3d Cir. 1994).

In the alternative, the Scott Township defendants move for a more definite statement concerning their alleged participation in a conspiracy to violate the plaintiffs' civil rights. In support of their motion for a more definite statement, they argue that the plaintiffs have failed to plead with specificity the facts of an agreement among the defendants to conspire to do an unlawful act against them, such that they cannot investigate the claim, nor submit an appropriate response to it.

Federal Rule of Civil Procedure 12(e) provides in relevant part:

> If a pleading to which a responsive pleading is permitted is
> so vague or ambiguous that a party cannot reasonably be
> required to frame a responsive pleading, the party may move

---

6. See, plaintiffs' opposition brief at pp. 29-30.

>for a more definite statement before interposing a responsive pleading...

Case law holds that "[t]he basis for granting such a motion [under Rule 12(e)] is unintelligibility, not lack of detail. As long as the defendant is able to respond, even with a simple denial, in good faith, without prejudice, the complaint is deemed sufficient for purposes of Rule 12(e)." <u>Sun Company, Inc. v. Badger Design & Constructors</u>, 939 F.Supp. 365, 374 (E.D.Pa. 1996), quoting <u>Wood & Locker, Inc. v. Doran & Assoc.</u>, 708 F.Supp. 684, 691 (W.D.Pa. 1989).

>We find that the plaintiffs' claims are not so vague or unintelligible that the

defendants cannot reasonably respond to them. While "a conspiracy is not actually an element of a § 1983 claim", it "is a vehicle by which § 1983 liability may be imputed to those who have not actually performed the act denying constitutional rights." <u>County Concrete Corp. v. Town of Roxbury</u>, 442 F.3d 159, 174 (3d Cir. 2006). To set forth a viable conspiracy claim under § 1983, the plaintiffs must allege that two or more persons acting under color of state law reached an agreement to deprive them of a constitutional right. <u>Pardue v. Gray</u>, 136 Fed.Appx. 529, 533 (3d Cir. 2005). Here, the plaintiffs have pled the requisite elements of a conspiracy, as well as the Scott Township defendants alleged participation in it.[7] Since the plaintiffs have pled their claims with sufficient specificity to put the defendants on notice of them, the Scott Township defendants' motion for a more definite statement should be denied.

<u>Engineer defendant's motion to dismiss or for a more definite statement:</u>

>In moving to dismiss the claims filed against it, the Engineer defendant argues

that the substance of the allegations directed toward it concern its alleged conspiracy with Scott

---

7. See, complaint at ¶¶ 25-30, 36, 40, 53.

Township and the Costs to prevent the plaintiffs from obtaining an occupancy permit for their residence on Lot No. 2 and to block the paving of their driveway on Lot No. 1. According to the Engineer defendant, however, the complaint is devoid of factual allegations concerning its actual involvement in a conspiracy, and further, the plaintiffs have failed to set forth acts attributed to it which constitute a violation of their constitutional rights. We disagree.

More than merely alleging a conspiracy, the complaint, as discussed above, sets forth viable § 1983 claims for violations of the plaintiffs' substantive due process and equal protection rights. The plaintiffs allege that the Engineer defendant is a person acting under color of state law (complaint at ¶ 14), who irrationally singled them out for disparate treatment (complaint at ¶ 70), and conspired with the other defendants and Carnegie Borough to prevent them from occupying their home, resulting in a temporary loss of the use and enjoyment of their property (complaint at ¶¶ 25, 27, 29-32, 40, 48 73-75), for which the plaintiffs suffered damages. Based on our discussion above, the Engineer defendant's motion to dismiss should be granted as to the plaintiffs' procedural due process claim in Count I of the complaint and as to the prayer for punitive damages against it in its official capacity and denied in all other respects.

Like the Scott Township defendants, the Engineer defendant has filed an alternate motion for a more definite statement, arguing that the plaintiffs have failed to plead with specificity the facts of any agreement among the defendants to conspire to violate their rights. In accordance with our above findings, the plaintiffs have pled their claims with sufficient specificity to put the defendants on notice of them.

Therefore, it is recommended that the motion to dismiss submitted by the Scott Township defendants (Document No. 20) be granted as to the plaintiffs' procedural due process

claim in Count I of the complaint and as to the plaintiffs' prayer for punitive damages against Scott Township, its Board of Commissioners and the Commissioners named in their official capacities and denied in all other respects, that their alternate motion for a more definite statement (w/Document No. 20) be denied, that the motion to dismiss filed by the Engineer defendant (Document No. 6) be granted as to the plaintiffs' procedural due process claim in Count I of the complaint and as to the prayer for punitive damages against it in its official capacity and denied in all other respects, and that its alternate motion for a more definite statement (w/Document No. 6) be denied.

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    s/ ROBERT C. MITCHELL
    United States Magistrate Judge

Dated: August 2, 2006