IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS A. PROSPERI and SUSAN I. PROSPERI,<br>      Plaintiffs,<br><br>vs<br><br>TOWNSHIP OF SCOTT, BOARD OF COMMISSIONERS OF TOWNSHIP OF SCOTT, DAVID JASON, individually and in his capacity as Vice President and Commissioner of the Township of Scott, JANET A. BEERHALTER, individually and in her capacity as Commissioner of the Township of Scott, THOMAS M. CASTELLO, individually and in his capacity as Commissioner of the Township of Scott, J. DAVID HENDERSON, individually and in his capacity as Commissioner of the Township of Scott, EILEEN MEYERS, individually and in her capacity as Commissioner of the Township of Scott, JAMES WALTHER, individually and in his capacity as Commissioner of the Township of Scott, JEAN O'TOOLE, individually and in her capacity as Commissioner of the Township of Scott, CRAIG C. STEPHENS, individually and in his capacity as President and Commissioner of the Township of Scott, and LENNON, SMITH, SOULERET ENGINEERING, INC., individually and in its capacity as engineer of the Township of Scott,<br>      Defendants. | Civil Action No. 06-501 |

REPORT AND RECOMMENDATION

I. <u>Recommendation</u>:

      It is respectfully recommended that the motion for judgment on the pleadings filed

by cross-claim defendants Scott Township, its Board of Commissioners, and the individually

named Commissioners on the cross-claim for contractual indemnity filed by Lennon, Smith, Souleret Engineering, Inc. (Document No. 53) be denied as to Scott Township and granted as to its Board of Commissioners and the individually named Commissioners.

II. Report:

Presently before the Court is the cross-claim defendants' motion for judgment on the pleadings on the cross claim for contractual indemnity filed against them. For reasons discussed below, the motion for judgment on the pleadings on the cross-claim for contractual indemnity should be denied as to Scott Township and granted in all other respects.

On April 13, 2006, plaintiffs Louis A. Prosperi and Susan I. Prosperi filed a civil rights complaint against defendants Scott Township, its Board of Commissioners, the individually named Commissioners (collectively, the "Scott Township defendants"), and Lennon, Smith, Souleret Engineering, Inc. ("Lennon Smith"). The plaintiffs complain that during the construction of their home, and in a dispute over water damage to a neighbor's property, the defendants engaged in arbitrary and abusive acts which violated their due process rights (Count I of the complaint), their equal protection rights (Count II), and constituted an unconstitutional taking of their property (Count III). The crux of the plaintiffs' claims is that the defendants conspired to deprive them access to their property by preventing them from obtaining an occupancy permit for their residence, sent the police to block the paving of their driveway, and sought to force them to capitulate to their neighbor's demands for restitution without any rational governmental purpose for their acts.

The defendants filed motions to dismiss the complaint for failure to state a claim or, in the alternative, for a more definite statement. In a Memorandum Order dated September 7,

2006, the Court granted the defendants' motions to dismiss the plaintiffs' procedural due process claim (but not their substantive due process claim) in Count I, and their prayer for punitive damages against Scott Township, its Board of Commissioners, Lennon Smith and the Commissioners named in their official capacities and denied the motions in all other respects.

On October 16, 2006, the Scott Township defendants filed an answer to the complaint. On October 20, 2006, Lennon Smith filed an answer to the complaint, as well as cross-claims for indemnification and contribution against the Scott Township defendants.

In its cross-claims, Lennon Smith avers that pursuant to an Engineering Services Agreement dated January 5, 2004 (the "Engineering Agreement"), it served as Scott Township's Engineer and provided engineering services to it during the relevant time period; that Paragraph 3 of the Engineering Agreement requires Scott Township to defend, indemnify, and hold Lennon Smith harmless, and to pay all defense costs and judgments relating to claims arising out of the review of plans, drawings, or reports for land development, storm water management, grading or other work undertaken by property owners or developers for compliance with Township regulations; and that if it is held liable to the plaintiffs in this matter, it is entitled to contribution and/or indemnification from the Scott Township defendants who have joint liability with it.

On December 8, 2006, the Scott Township defendants ("cross-claim defendants") filed an answer and affirmative defenses to the cross-claims. On December 26, 2006, the cross-claim defendants moved for judgment on the pleadings on Lennon Smith's cross-claim for contractual indemnity.

In support of their current motion, the cross-claim defendants argue that the indemnification clause in Paragraph 3 of the Engineering Agreement does not relieve Lennon

Smith of liability for its own intentional conduct as a matter of law.  They also insist that the individual Commissioners of Scott Township are not contractually responsible for indemnifying Lennon Smith in this matter, as they are not parties to the Engineering Agreement.

Lennon Smith concedes that it entered into the Engineering Agreement with Scott Township and not the individually named Commissioners; hence, it does not oppose the entry of judgment on the pleadings on its cross-claim for contractual indemnity in favor of the Board of Commissioners and the individually named Commissioners of Scott Township.[1]  However, Lennon Smith argues that Paragraph 3 of the Engineering Agreement is valid and enforceable as to Scott Township, and its motion for judgment on the pleadings is premature, as discovery has not ended, and Lennon Smith has not been adjudged liable on the plaintiffs' claims.

The Engineering Agreement was drafted by Lennon Smith and is encompassed in Exhibit A to its answer and cross claim.  Paragraph 3 of the Engineering Agreement provides:

> When acting in the capacity of appointed Engineer performing:
> 1) review of plans, construction drawings, specifications and/or reports for subdivision, land development, stormwater management, grading or other similar work to be undertaken by property owners/developers for compliance with Township Ordinance code or regulations requirements; or 2) in performing maintenance or upgrade services such as road pavement overlay projects, drainage, and repairs to existing facilities, roads, culverts, storm sewers, etc. which services do not constitute design or redesign, the Engineer shall enjoy the privilege of governmental immunity. <u>CLIENT shall defend, indemnify, protect and hold harmless the Engineer and pay all costs of defense and all judgments relating to all such claims arising from activities described in this paragraph.</u> (Emphasis added).

We agree with Lennon Smith that Scott Township's motion for judgment on the

---

[1].   See, Lennon Smith's response to the motion for judgment on the pleadings at ¶ 8, and its brief in opposition to the motion for judgment on the pleadings at p. 1.

pleadings is premature and should be denied.  This case is merely in the discovery phase, and there has been no adjudication on liability.  Certainly, whether the above indemnity clause is enforceable is dependent on the outcome of the plaintiffs' claims against Lennon Smith.

For instance, if Lennon Smith is adjudged to have engaged in arbitrary and abusive acts of misconduct as alleged in the complaint, and it seeks indemnification for such acts, the indemnity clause in the Engineering Agreement would not relieve it of liability.  Under Pennsylvania law, if parties intend to include a provision within the scope of their indemnity agreement that covers losses due to the indemnitee's own negligence, "they must do so in clear and unequivocal language."  Ruzzi v. Butler Petroleum Co., 588 A.2d 1, 4 (Pa. 1991), citing Perry v. Payne, 66 A. 553 (Pa. 1907) (hereinafter, the "Perry-Ruzzi rule").  Under the Perry-Ruzzi rule, "indemnification for a party's own negligence will not be inferred and must be stated expressly, clearly, and unequivocally in an indemnity clause."  Jacobs Constructors v. NPS Energy Services, 264 F.3d 365, 371 (3d Cir. 2001).

That is because "[i]t would be 'contrary to experience or reason' for a [party] to subject itself to 'uncertain and indefinite' liability by agreeing to indemnify another for the other's own negligence... unless the contract puts it beyond doubt."  Clement v. Consolidated Rail Corp., 963 F.2d 599, 602 (3d Cir. 1992), quoting Perry, 66 A.2d at 555.  Of course, "there is even more reason to demand specificity when the indemnitee seeks to be indemnified for his or her own intentional conduct."  El v. Southeastern PA Transp. Authority, 297 F.Supp. 2d 758, 762, (E.D.Pa. 2003), citing Greer v. City of Philadelphia, 795 A.2d 376, 378-379 (Pa. 2002).

Here, Paragraph 3 of the Engineering Agreement is devoid of any language which purports to indemnify Lennon Smith for its own negligence or intentional acts.  As explained in

Ruzzi, "[n]o inference from words of general import can establish such indemnification." 588 A.2d at 4.

In Ruzzi, the Pennsylvania Supreme Court examined an indemnity clause which provided in relevant part:

> [Indemnitors] ... exonerate, discharge, and agree to protect and save harmless and indemnify [Indemnitors] ... from any and all liability for claims for loss, damage, injury or other casualty to persons or property ...

588 A.2d at 8. The Ruzzi Court opined that "the only intent that can be gleaned from this document is that the parties did not intend to indemnify for acts of the indemnitee's negligence, since words of general import are used." Id. at 9. Likewise here, there is no unequivocal language in Paragraph 3 of the Engineering Agreement which shows that the parties intended for Scott Township to indemnify Lennon Smith for its intentional acts of misconduct. Thus, if Lennon Smith is adjudicated to have engaged in arbitrary and abusive acts of misconduct against the plaintiffs, Scott Township is not obligated to indemnify and hold it harmless.

On the other hand, if Lennon Smith is adjudged not liable on the plaintiffs' claims, after which it seeks indemnification for fees and costs incurred in defending against those claims, it may be entitled to indemnification. Under Pennsylvania law, the aforesaid Perry-Ruzzi rule is applicable only where a party seeks indemnification for its own negligent or intentional acts; however, the rule is not relevant where a party is adjudged non-negligent and seeks reimbursement of costs expended in defending the law suit. Mace v. Atlantic Refining & Marketing Corp., 785 A.2d 491, 495-497 (Pa. 2001).

In Mace, the Pennsylvania Supreme Court explained:

[E]xpanding the Perry-Ruzzi rule to encompass situations

>where a party is merely alleged to have been negligent would render indemnification meaningless, as even a completely frivolous negligence action filed against an indemnitee would automatically eradicate an otherwise valid indemnification provision. Thus, we reject [the] argument that the Perry-Ruzzi rule should be expanded and instead find that the rule should continue to be applied only in those instances where a party seeks indemnification for its own negligence.

Id. at 496. Also see, American Travelers Life Ins. Co. v. AIG Life Ins. Co., 354 F.3d 755 (8th Cir. 2004), where the Court, applying Pennsylvania law, stated: "The public policy announced in Perry and reiterated in Ruzzi ... applies only in cases where a party is seeking indemnification for its actual negligence. The prohibition does not bar indemnification for fees and costs incurred defending against meritless allegations of negligence or fraud. In such cases, the losses for which the party seeks indemnification (i.e., the attorneys' fees and cost which it incurred in defending against the claims) will not have been caused by its own negligence or fraudulent conduct." Id. at 760, citing Mace, 785 A.2d at 496, and Jack Greenberg, Inc. v. Thornton, LLP, 1997 WL 860673, *6 (Bankr.E.D.Pa., Dec. 12, 1997). Accord, IU North America, Inc. v. Gage Co., 2002 WL 1277327, *8 (E.D.Pa., June 4, 2002).

In cases where the Perry-Ruzzi rule is not applicable, Pennsylvania law dictates that we look to general principles of contract interpretation to determine if Scott Township would be obligated to defend Lennon Smith in this matter. See, Mace, 785 A.2d at 496. Paragraph 3 of the Engineering Agreement unambiguously provides in relevant part that: "CLIENT (Scott Township) shall defend ... and pay all costs of defense... relating to all such claims arising from activities described in this paragraph." To the extent the plaintiffs' claims against Lennon Smith arise from its activities which are described in Paragraph 3 of the Agreement, Lennon Smith may

be entitled to recover its costs in defending this suit.

A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 253 (3d Cir. 2004). Thus, we must view all facts presented in the pleadings in a light most favorable to the non-movant. Id. However, a motion for judgment on the pleadings will not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that [they are] entitled to judgment as a matter of law." Id.

For reasons discussed above, Scott Township's motion for judgment on the pleadings is premature, and we cannot say it is entitled to judgment as a matter of law on the cross-claim for contractual indemnity. Therefore, the motion for judgment on the pleadings on the cross-claim for contractual indemnity should be denied as to Scott Township and granted as to its Board of Commissioners and the individually named Commissioners.

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                s/ ROBERT C. MITCHELL
                United States Magistrate Judge

Dated: January 23, 2007