IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS A. PROSPERI and ) <br> SUSAN I. PROSPERI, ) <br>     Plaintiffs, ) <br> ) <br> vs ) <br> ) <br> TOWNSHIP OF SCOTT, BOARD OF ) <br> COMMISSIONERS OF TOWNSHIP OF ) <br> SCOTT, DAVID JASON, individually and ) <br> in his capacity as Vice President and ) <br> Commissioner of the Township of Scott, ) <br> JANET A. BEERHALTER, individually and ) <br> in her capacity as Commissioner of the ) <br> Township of Scott, THOMAS M. CASTELLO,) <br> individually and in his capacity as ) <br> Commissioner of the Township of Scott, ) <br> J. DAVID HENDERSON, individually and ) <br> in his capacity as Commissioner of the ) <br> Township of Scott, EILEEN MEYERS, ) <br> individually and in her capacity as ) <br> Commissioner of the Township of Scott, ) <br> JAMES WALTHER, individually and in his ) <br> capacity as Commissioner of the Township ) <br> of Scott, JEAN O'TOOLE, individually and in ) <br> her capacity as Commissioner of the Township ) <br> of Scott, CRAIG C. STEPHENS, individually ) <br> and in his capacity as President and ) <br> Commissioner of the Township of Scott, and ) <br> LENNON, SMITH, SOULERET ) <br> ENGINEERING, INC., individually and in its ) <br> capacity as engineer of the Township of Scott, ) <br>     Defendants. ) | Civil Action No. 06-501 |

REPORT AND RECOMMENDATION

I. <u>Recommendation</u>:

    It is respectfully recommended that the motions for partial summary judgment on

Count III of the complaint filed by defendants Scott Township, its Board of Commissioners, and

the individually named Commissioners (Document No. 67) and by Lennon, Smith, Souleret Engineering, Inc. (Document No. 71) be granted.

II. <u>Report</u>:

Presently before the Court are the defendants' motions for partial summary judgment on Count III of the complaint on grounds that the claim is not ripe. For reasons discussed below, the defendants' motions for partial summary judgment should be granted.

On April 13, 2006, plaintiffs Louis A. Prosperi and Susan I. Prosperi filed a civil rights complaint against defendants Scott Township, its Board of Commissioners, the individually named Commissioners, and Lennon, Smith, Souleret Engineering, Inc. The plaintiffs complain that during the construction of their home, and in a dispute over water damage to a neighbor's property, the defendants engaged in arbitrary and abusive acts which violated their due process rights (Count I), their equal protection rights (Count II), and constituted an unlawful taking of their property (Count III). The crux of the plaintiffs' claims is that the defendants conspired to deprive them access to their property by preventing them from obtaining an occupancy permit for their residence, sent the police to block the paving of their driveway, and sought to force them to capitulate to their neighbor's demands for restitution without any rational governmental purpose for their acts.[1]

In Count III of the complaint, the plaintiffs contend that the defendants engaged in

---

1. In response to the complaint, the defendants filed motions to dismiss for failure to state a claim or, in the alternative, for a more definite statement. In a Memorandum Order dated September 7, 2006, the Court granted the defendants' motions to dismiss the plaintiffs' procedural due process claim (but not their substantive due process claim) in Count I, and their prayer for punitive damages against Scott Township, its Board of Commissioners, Lennon, Smith, Souleret Engineering, Inc. and the Commissioners named in their official capacities and denied the motions in all other respects.

an unlawful taking of their property by conspiring to prevent them from occupying their home and from paving their driveway, which deprived them of the use and enjoyment of their property (complaint at ¶¶ 73-75). In pleading their Fifth Amendment takings claim, the plaintiffs aver that to the extent required, they "have exhausted all state remedies available" (Id. at ¶ 76).

The defendants insist that the plaintiffs have not exhausted all state remedies in seeking just compensation for their takings claim. In support of their motions for partial summary judgment, the defendants point to state court records which show that on October 28, 2005, the plaintiffs filed a Petition for Appointment of Board of Viewers in the Court of Common Pleas of Allegheny County, PA at GD-05-028491 (the "Petition"), alleging that Scott Township deprived them of the use of their property without just compensation[2]; that on November 18, 2005, Scott Township filed preliminary objections to the Petition[3]; that by Order dated March 9, 2007, the Court of Common Pleas, per Judge Scanlon, overruled the Township's preliminary objections and referred the matter to the Board of Viewers for further disposition[4]; and that the matter is unresolved and remains pending.

Thus, the defendants aver that the plaintiffs' Fifth Amendment takings claim is not ripe. In moving for partial summary judgment on the claim, the defendants argue that until there is a full and final determination on the plaintiffs' claim for just compensation in the state court suit, they have failed to fully exhaust state law procedures on the issue. We agree.

A Fifth Amendment takings claim against a municipality's enforcement of its

---

2. See, the Scott Township defendants' current motion (Document No. 67) at Exhibit B.

3. Id. at Exhibit A.

4. Id. at Exhibit C.

regulations is not ripe until (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue", and (2) "a State provides an adequate procedure for seeking just compensation, [but] the property owner ... has not used the procedure and been denied just compensation".  Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 186, 195 (1985).

    The defendants' current motions pertain only to the second prong of the Williamson test which concerns the exhaustion of just compensation procedures.[5]  With respect to the second prong of Williamson's ripeness test, the Third Circuit Court of Appeals has stated: "'if a State provides an adequate procedure for seeking just compensation,' the plaintiff must have exhausted this procedure in order for his or her Takings claim to be ripe for federal adjudication."  County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 168 (3d Cir. 2006), quoting Williamson, 473 U.S. at 194-95.  That is because "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation".  Williamson, 473 U.S. at 195.

    In County Concrete, supra, the Third Circuit Court of Appeals stated:

> Of course, 'there is no requirement that a plaintiff exhaust administrative remedies before bringing a § 1983 action.' 442 F.3d at 168 (quoting Williamson, 473 U.S. at 192).  Instead of being a true 'exhaustion of state remedies' requirement, however, the second prong of Williamson's ripeness test merely addresses

---

5. The defendants do not argue that the plaintiffs failed to comply with the first prong of the Williamson test, acknowledging that "Plaintiffs have previously taken advantage of the judicial mechanisms available by the Commonwealth of Pennsylvania to secure building and occupancy permits for their residence via mandamus actions after the same were alleged to have been denied them".  See, the Scott Township defendants' current motion at ¶ 10.

> a unique aspect of Just Compensation Takings claims.  Because
> the Fifth Amendment bars not just the 'taking' of property, but
> the taking of property 'without just compensation', a plaintiff
> 'cannot claim a violation of the Just Compensation Clause until'
> he or she has exhausted a state's 'procedure for seeking just
> compensation.' Id. (quoting Williamson, 473 U.S. at 194-95 & n.13).
> Only then can a Takings claimant allege that he or she has
> actually been denied just compensation, and, thus, only then is his
> or her Takings claim ripe.

442 F.3d at 168.

Here, the plaintiffs' takings claim in Count III is not ripe.  Although the plaintiffs utilized state procedures for seeking just compensation by filing their aforesaid Petition, the matter is currently pending.  Contrary to the plaintiffs' position, the matter is not ripe simply because Scott Township filed preliminary objections to their Petition and appealed Judge Scanlon's Order which overruled its preliminary objections.[6]  Rather, the plaintiffs' attempt to obtain just compensation remains unresolved, such that the state procedure for seeking just compensation has not been exhausted.  See, County Concrete, 442 F.3d at 168.[7]

Summary judgment is appropriate if no genuine issue of material fact is in dispute, and the movant is entitled to judgment as a matter of law.  F.R.Civ.P. 56(c); Biener v. Calio, 361 F.3d 206, 210 (3d Cir. 2004).  Since the plaintiffs have not exhausted the state's procedure for seeking just compensation, their takings claim in Count III is not ripe.

---

6.   See, plaintiffs' brief opposing the defendants' current motions at Exhibit A.

7.   In County Concrete, our Court of Appeals stated: "Although the District Court correctly determined that the ... Takings claim failed to satisfy the second Williamson prong at the time of the motion to dismiss, the Supreme Court of New Jersey denied review of appellants' state court appeal while this appeal was pending before us. (Citation omitted).  Accordingly, the second Williamson prong no longer prevents appellants from asserting that [they were deprived] of the economically viable use of their property, and thus, we will reverse the District Court's conclusion that the claim was unripe."  442 F.3d at 168.

Therefore, it is recommended that the defendants' motions for partial summary judgment on Count III of the complaint (Document Nos. 67 and 71) be granted.

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                   Respectfully submitted,

                                                   <u>s/ ROBERT C. MITCHELL</u>
                                                   United States Magistrate Judge

Dated: May 17, 2007